**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-7264**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

PATRICK LAMAR HARRIS,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (4:94-cr-00297-CWH-6; 4:07-cv-70075-CWH)

_____

Submitted:  September 24, 2009      Decided:  October 8, 2009

_____

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Patrick Lamar Harris, Appellant Pro Se. Marshall Prince, II, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Lamar Harris appealed from the denial of his 28 U.S.C.A. § 2255 (West Supp. 2009) motion and his motion for reconsideration. The order denying the motion for reconsideration was entered on March 24, 2008, rendering Harris's notice of appeal due by May 23. See Fed. R. App. P. 4(a)(1)(B) (according sixty days to appeal). Harris's notice of appeal was dated May 20, postmarked June 19, and filed June 24. We previously remanded to the district court for a determination of the date Harris gave his notice of appeal to prison authorities.

On remand, the district court incorrectly held that Harris's notice of appeal was due ten days after the district court's March 24 order. See Rule 11 of the Rules Governing Section 2255 Proceedings (stating that Fed. R. App. P. 4(a) governs time to appeal). As such, the court found that, even accepting Harris's assertion that he filed his notice of appeal on May 20, his appeal was untimely. However, because the documents submitted by Harris on remand conclusively demonstrate that his appeal was untimely, even under the correct appeal period, we dismiss the appeal.

Federal Rule of Appellate Procedure 4(c)(1) states that an incarcerated inmate's notice of appeal is deemed filed when deposited into the institution's mail system. However, the

Rule further notes that "[i]f an institution has a system designed for legal mail, the inmate must use the system to receive the benefit of this rule."

In accordance with Rule 4(a), Harris's notice of appeal was due on May 23. His notice of appeal was ostensibly signed on May 20. However, the notice was not filed until June 24, over a month later. The documents submitted with Harris's response in the district court show that his prison has a legal mail system, through which legal mail is logged, and that Harris did not use the system. Harris affirmatively stated that he "deposited the 'Notice of Appeal' in the prison mail box" rather than "hand[ing it] to the mailroom staff" which would have ensured that it was "logged in the legal mail box log book." Thus, we conclude that Harris is not entitled to the protections of the mailbox rule and that his notice of appeal was, therefore, untimely filed on June 24.

Given that this time period for appeal is "mandatory and jurisdictional," Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978), we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED